(C.D. 3943)

WOOLART MILLS, INC. *v.* UNITED STATES

---

United States Customs Court, Second Division

(Decided December 22, 1969)

*Siegel, Mandell & Davidson* (*Allan H. Kamnitz* of counsel) for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Bernard J. Babb* and
*John A. Winters*, trial attorneys), for the defendant.

Before RAO and FORD, Judges, and WILSON, Senior Judge

WILSON, Judge: These three protests were consolidated for trial. The entries, which were made at the port of New York, N.Y., were received in evidence without being marked.

The merchandise is invoiced as either short silk noils, type 15; or silk noils, short noils; or short silk noils, respectively, in protest 59/20658, entry No. 332940; protest 60/7884, entry No. 378475; protest 60/9822, entry No. 358958. Entries were made respectively on 11/30/56; 6/25/56; 4/5/57.

The collector of customs assessed duty at the rate of 17½ per centum ad valorem under paragraph 1201, Tariff Act of 1930, as modified by the Protocol of Terms of Accession by Japan to the General Agreement on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865, supplemented by Presidential proclamation, 90 Treas. Dec. 280, T.D. 53877, which provides as follows:

> "Silk partially manufactured, including total or
> partial degumming other than in the reeling
> process, from raw silk, waste silk, or cocoons,

and silk noils exceeding 2 inches in length; all the foregoing if not twisted or spun_____ 17½% ad val."

Plaintiff contends the imported merchandise has not been manufactured, and consists of silk noils under 2 inches in length, which is an unavoidable waste product, and therefore entitled to free entry as silk waste under paragraph 1762 of the above modified tariff act, which provides as follows:

"Silk cocoons and silk waste_____ Free"

The record in the case of *Woolart Mills, Inc.* v. *United States*, 58 Cust. Ct. 450, C.D. 3018, 269 F. Supp. 381 (1967), was incorporated herein. That case also involved silk noils under the same assessment and claim as here involved. The court there held that the merchandise in question was silk noils under 2 inches in length, hence entitled to free entry as silk waste under paragraph 1762, *supra*, and entered judgment accordingly.

The evidence in this case consists of the testimony of Frederick H. Kloeckener, president of the plaintiff, who also testified in the incorporated case. He has had 40 to 50 years experience as a silk importer. Plaintiff offered a sample which was received as illustrative exhibit 1, and exhibit 2 which was also exhibit 2 in the incorporated case.

Mr. Kloeckener testified in the instant case that his duties include supervision, management and financial control of the plaintiff and that he either personally makes purchases or supervises the purchases of the silk noils bought by plaintiff.

He testified that the noils in entry 332940 (protest 59/20658) were purchased by him during a visit to Milano, Italy between October 2, 1956 and the beginning of November 1956 from Commercio Tessuti Lana e Seta; that illustrative exhibit 1 is a short silk noil waste containing a certain amount of tussah silk waste; that said exhibit 1 is a sample of the merchandise which he purchased.

He further testified that merchandise like exhibit 1 is created by combing and carding longer fibers out of waste material which is used to spin into yarn; that the waste from said combing and carding operations falls to the floor, is collected, and results in very short waste as it is too hard to spin or use; it is dusted to remove floor dust and other things that are mixed into it and is then baled; that at the time he had use for such waste, because he bleached it after importation and rolled it into little nubs and mixed it into the spinning of synthetic yarns.

The witness stated that the sample of material contained in exhibit 1 is so similar to exhibit 2 (taken from the incorporated case) "that it definitely can be substituted * * * for each other."

With reference to the merchandise in entry 378475 (protest 60/7884), Mr. Kloeckener testified that Mr. Goldblatt of Alpha Trading Corporation, the agent for Fermo Cordui of Brescia, Italy, the supplier, showed him samples at the importer's New York offices; that he is familiar with the imported merchandise which he purchased; that he is the same Frederick Kloeckener who testified in the incorporated case; that he knows what silk wastes look like as he purchased and handled them all his life; that the merchandise in exhibit 2 in the incorporated case is very similar to the merchandise he purchased in 1956; that it is a collection of very short silk fibers in both cases and

"* * * They are shorter than one-half inch in length. The fibers are not separated, but they are rolled into balls and bunches, which indicates that there they have been swept off the floor, put through a reducing machine."

He also testified that they are short silk fibers, bunched, free of dust, and that the color is the same, meaning natural color; that they are not dyed or bleached; that when the merchandise in entry 378475 arrived in the United States, it was compared with the sample he had received and it compared "Perfectly"; that exhibit 2 is definitely representative of the merchandise in said entry; that the manufacturer in the incorporated case and in entry 378475 is Fermo Cordui and that he visited their plant in Brescia, Italy where he saw merchandise like exhibit 2 repeatedly created in their factory.

With reference to the merchandise in entry 358958 (protest 60/9822), Kloeckener testified it was purchased by him personally and that he is thoroughly familiar with it; that the supplier is "Raimondo Buratti, Spa—it means Limited, Spa"; that he was in Milano, Italy when he purchased it in October 1956 and it was shipped in March 1957 at his request; that at the time of purchase he not only received a sample but also examined it at his hotel when he bought it; that when the shipment was received, it was compared with the sample he had brought from Italy; that it consists of short noils slightly better in quality than the silk noil wastes, referring to exhibit 1, and to exhibit 2 in this and the incorporated case; that he went to Buratti's factory three times in 1956 and visited it again two weeks prior to testifying; that he saw such merchandise created in the factory; that waste from the silk reeling operation gets to the factory where it is put into a very hot boiling solution to get the gum off; that it is then cleaned and rinsed; that the long fibers hang together and are exhausted through very strong machines with teeth so that the threads are torn into pieces; that this produces a certain amount of waste as the shorter fibers do not go along; that anything under one inch is very difficult to use for spinning of yarn; that the long fibers are taken out

of the assembly and the short fibers were exhausted out of the machines as waste as exhaust noils which are collected from the floor with all kinds of sweepings, and dusted. The merchandise in the entry under consideration is the short silk noils exhausted from combs.

He further stated that the silk noils are definitely under 2 inches in length; that those over 2 inches are retained by the machine in combing and are used to make nice yarn; that those under 2 inches after leaving the carding machine are baled and sent to him; that they are bleached here to get them as white as possible and they are then run through a machine to make the balls tighter; that 20 percent is then mixed with a bind of synthetics which results in little white bumps on them. He testified (R.34) :

> "By Mr. Kamnitz: Q. Am I correct in my understanding that the manufacturing processes which gave rise to Plaintiff's Exhibit 1 and the merchandise covered by the Fermo Cordui entry was identical to that that you described in the previous Woolart case?
>
> "A. Absolutely, there is no more manufacturing. These are generated as waste products from various waste products. The only thing that was done to it was dusted."

Asked under cross-examination whether he knew by looking at entry 358958, protest 60/9822, what the length of the noils was, which he had not seen since 1956 or 1957, he answered "Because I bought them." He stated that he had testified that the length of the fibers in exhibit 1 was under one inch based on his judgment of what he saw in court and his knowledge of fibers, and what fibers of one inch look like; that for 26 years he was executive vice-president of Susquehanna Silk Mills, one of the largest in the United States, which firm imported silks in all forms, and did so in 1956; that in 1956 he was the only person in Woolart Mills, Inc., that purchased for that firm; that he last saw the merchandise which was in the Greenpoint Warehouse a year ago and had seen it every year since 1956 but did not see the other merchandise in the other two entries as the merchandise was sold. He testified (R.39) :

> "Q. All your testimony with regard to the comparison with the merchandise involved in this case as it compares with Exhibit 2 in the Woolart was based upon your recollection of some 12 years ago?—A. That is correct, absolutely, and a darned good recollection.
>
> "Q. You have answered the question.—A. You bet."

The evidence in the three protests under consideration discloses uncontradicted testimony by a very experienced witness that the merchandise involved therein is without doubt under 2 inches in length and conforms to the length of the merchandise in the incorporated

case which is under 2 inches in length as held by the court therein on the testimony of Mr. Kloeckener and another witness. The customs examiner who testified in the incorporated case admitted that exhibit 2 was representative of the imported merchandise in the incorporated case. The court in that case stated that it appeared from the record that degummed silk was selling for approximately $6.50 per pound and silk noils at $1.75 per pound at the time of exportation while the imported silk waste was selling at 98 cents per pound. Mr. Kloeckener testified that the merchandise had been imported in April or May 1956. Defendant's brief states that the merchandise was withdrawn from warehouse in April 1956. The prices for the short silk noils, in the three protests under consideration, which were exported on November 8, 1956, June 9, 1956, and March 7, 1957 are substantially under the prices for degummed silk or silk noils, *supra*.

The evidence in the three protests conforms to the testimony in the incorporated case wherein the court stated, 58 Cust. Ct. 450, C.D. 3018:

> "Mr. Frederick Kloeckener, president of the plaintiff corporation and a silk importer for over 50 years, described plaintiff's exhibit 2 as a residue from silk noils and an unavoidable by-product of the spinning of silk noil yarn. He further characterized it as a mixture of waste and noils, specifically exhaust and card noils, card and spinning room waste, a collection of the various types of silk wastes and noils which are the by-products of the spinning of silk noil yarn in a spinning mill.

> "The witness, in testifying as to whether or not the involved merchandise was a noil, stated it had been collected from various operations, viz, carding, combing, picking, and other spinning room operations, with the exception of garnetting. * * *"

Defendant questions the sufficiency of plaintiff's proof since it did not introduce samples in protests 60/7884 and 60/9822 but relied upon Mr. Kloeckener's remembrance "some 12 years ago." However, Mr. Kloeckener's recollection was excellent as he said, "a darn good recollection." The court sees no reason to doubt the recollection of a person with 40 to 50 years experience.

Defendant, in its brief, page 5, cites from the case of *Frank P. Dow Co., Inc., of L. A.* v. *United States*, 56 Cust. Ct. 1, 7, C.D. 2604 (1965), wherein the court stated that a witness testified that he had to call for the sample in exhibit 1 therein, and it was brought to him during the trial. There was no evidence in that record to show who actually took the sample or from whence it came. That case is not controlling of the facts in the current case.

Herein, Mr. Kloeckener testified that he purchased the merchandise in entry 332940, protest 59/20658, during his visit in 1956 to the exporter Commercio Tessuti Lana e Seta in Milano, Italy; that sam-

ples therefrom, which he had seen, were drawn almost every year as he tried to sell the merchandise abroad, and required samples to be sent to prospective purchasers; that it is definitely the merchandise which he purchased; that based upon his recollection of that merchandise which he saw a year before he testified that illustrative exhibit 1, based upon his knowledge, is definitely the same; that he visited the factory many times and saw it created many times; that he saw it actually being collected, dusted and packed into bales and shipped.

In the incorporated case the court stated on the record, that no evidence was found to establish that the silk noils there involved had been manufactured in whole or in part. A like holding on the entire record must follow with respect to the merchandise involved in the three protests now before the court.

The importer has established that the collector's classification of the instant merchandise as silk noils exceeding 2 inches in length, under paragraph 1201 of the Tariff Act of 1930, as modified, *supra*, is erroneous, and has also established that the instant merchandise consists of silk waste under 2 inches in length and not manufactured in whole or in part and that it is therefore entitled to enter free of duty under paragraph 1762 of said modified tariff act.

Judgment will be entered accordingly.